No. 1090.

SUCCESSION OF G. W. PRICE

OPPOSITION OF T. S. AUBREY.

Oppositions to accounts of administration may be filed after the expiration of legal delays of the public notice, provided they be filed before the homologation of the account.

All payments made by an administrator without the order of the court are unauthorized, and are made at his own risk.

Clerks of the District Courts have no authority in law to approve tableaux of debts, or homologate accounts of administration, or to authorize the payment of debts by administrators. Act 106, 1880.

APPEAL from the Third District Court, Parish of Claiborne. *Graham*, J.

114

*N. J. Scott* and *F. P. Stubbs* for Appellant.

*J. A. Richardson* for Opponent.

The opinion of the Court was delivered by

POCHÉ, J.   In the inventory and settlement of the succession of G. W. Price, the administrator included the property of his predeceased wife, Mrs. M. D. Price, consisting of her share in the community, and sold it indiscriminately with that of the succession which he represents, without mention or recognition of her community rights.

T. S. Aubrey, the opponent herein, having purchased the interest of one of Mrs. M. D. Price's heirs in her succession, brought suit against the administrator of G. W. Price for the recognition and enforcement of his rights, and obtained from the Court of Appeals a final judgment, condemning the administrator to pay him the sum of $202.59 out of the proceeds of the property of Mrs. M. D. Price, which had come in his hands, in the sale made by him.

Setting forth this judgment, Aubrey then filed his opposition to the final account of administration, in which he had not been recognized. This appeal is taken by the administrator from the judgment of the lower court maintaining the opposition.

We shall consider the administrator's defenses in the following order:

I.

He excepted that the opponent, claiming by virtue of his ownership of a portion of the property sold as belonging to the succession of G. W. Price, the latter's remedy was not by opposition, but should have been by a direct action for the revendication of his property.

This exception came too late, and should have been interposed in the suit brought by Aubrey for a moneyed judgment against the administrator, as the transferree of Mrs. M. D. Price's heir.

In that case the administrator joined issue with him on the merits; the judgment on those issues is now final, and whether right or wrong, not subject to our revision.   Under the effect of that judgment, opponent is a judgment creditor of the succession of G. W. Price, with the right of being paid by preference out of the proceeds of one-half of the community heretofore existing between Price and his predeceased wife.

The exception was therefore correctly overruled.

II.

The administrator then objected that this opposition was filed too late, having been presented after the expiration of the ten days following the publication of the administrator's account.

Article 1065 of the Civil Code provides that, after the expiration of the ten days after this notice, if there is no opposition of creditors or legatees, the administrator shall proceed to the payment of claims against the succession, in conformity with the authorization by him obtained or the tableau of distribution which he has presented, and which the Judge shall cause to be homologated.

In this case the administrator had not been authorized to make payments, and his tableau had not been homologated when this opposition was filed. Nothing contained in the Article, as expounded by jurisprudence, precludes the right of opposing the homologation of the administrator's tableau at any time before the judgment of homologation has been rendered.

The command to the administrator to proceed to pay according to his tableau, imposes the condition of a previous authorization of the court, and leaves the door opened, even after the expiration of the legal delays for oppositions to his tableau, as long as the same has not been made the judgment of the court.

An opposition to a tableau is an answer to the demand of the administrator for the approval of his account. Succession of Romero, 28 An. 607. Now, although the defendant in an ordinary suit is cited to answer within ten days, it is elementary in our practice that the answer can be filed any time before final judgment. The same principle applies to oppositions to accounts of administration.

It has been applied by this Court to oppositions to applications for administration, when filed after the expiration of the ten days after the publication of the notice, and by the strictest analogy it must apply to oppositions to accounts of administration. Succession of Picard, 33 An. 1135; Succession of Block, 6 An. 810; Succession of McKinney, 4 An. 25; Hook vs. Richardson, 4 L. 571.

The rule is well settled that all payments made by the administrator without an order of court are unauthorized, and cannot defeat the rights of heirs, creditors or legatees. C. C. 1179 to 1184.

### III.

But the administrator claims that he was authorized to pay out, as he did, all the funds in his hands belonging to the succession of G. W. Price, and that in consequence thereof, he has now no funds with which to meet the payment of opponent's judgment.

The authorization which he shows was given by the clerk in an order approving his tableau of debts presented with his petition for the sale of succession property for the payment of such debts.

This is not the authorization which the law contemplates. It must emanate from the Judge, and not from the clerk. C. C. 1185.

The only judicial functions which clerks of the District Courts can perform are enumerated in Act 106 of 1880, and the power to approve tableaux of debts, homologate accounts of administration, authorize administrators to pay debts, is not therein included.

It does not therefore exist; hence, it was illegally exercised in this case, and it produced no legal effect.

Opponent's claim is sanctioned by a final judgment of a competent court, and its recognition on this opposition is correct.

*Judgment affirmed.*